**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RICKY CARTER**                                                               **PETITIONER**

**V.**                                                           **No. 1:08CV064-A-D**

**STATE OF MISSISSIPPI, et al.**                                      **RESPONDENTS**

**MEMORANDUM OPINION**

This cause comes before the court on the petition of Ricky Carter, inmate number 40982, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondents have filed their answer and the Petitioner has submitted a traverse. After due consideration, the court finds that the petition should be denied in all respects.

*A. Factual and Procedural Background*

On January 7, 2003, Paul Buckley arrived home early from work. His home was located on a secluded gravel road. Shortly thereafter, Buckley heard someone attempting to forcibly open the locked back door. Buckley investigated the noise and saw a man walking around his house peering into a window. Buckley immediately called the authorities. Before the police could arrive, the man saw Buckley. The man started explaining that he was looking for a plumber named David Montgomery with whom he hoped to get work.

An officer arrived at the Buckley home and met Carter walking across the front yard. The officer confronted Carter. Initially, Carter gave the officer a bogus name. When his true identify was established, the officer discovered that there was an outstanding arrest warrant for Carter and he was immediately taken into custody. Carter told the officer that he was at Buckley's house looking for work from the alleged plumber. Carter's story, however, was refuted by a subsequent investigation.

Carter was indicted for attempted burglary of a dwelling. The indictment was later amended to include a habitual offender charge under Miss. Code Ann. § 99-19-81.[1] At the conclusion of a jury trial in the Oktibbeha County Circuit Court, Carter was convicted of attempted burglary of a dwelling. He was sentenced, as an habitual offender, to twenty-five years in the custody of the Mississippi Department of Corrections, with five years suspended. Carter timely pursued an appeal. On April 5, 2007, the Mississippi Supreme Court affirmed Carter's conviction and sentence. *See Carter v. State*, 953 So.2d 224 (Miss. 2007). Carter then filed a motion for Post-Conviction Relief ("PCR") in the Mississippi Supreme Court which was denied on February 20, 2008. Carter filed this matter on April 1, 2008, setting forth seven grounds for relief.

| | |
|---|---|
| Ground One | The trial court erred in allowing introduction of prior convictions. |
| Ground Two | Ineffective assistance of counsel. |
| Ground Three | The verdict was against the overwhelming weight of evidence. |
| Ground Four | The trial court erred in giving jury instruction S-2. |
| Ground Five | Unreasonable search and seizure. |
| Ground Six | Speedy trial violation. |

---

[1] The habitual offender statute provides:
> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Ground Seven         Defective indictment.

*B. Limitations on Review*

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed. Secondly, each claim in the petition must have been exhausted. 28 U.S.C. § 2254(b)(1). A claim is deemed exhausted if it has been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available, the claim will be finally dismissed. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Petitioners must also meet state procedural requirements in the state court proceedings. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). To avoid the bar of a procedural default, the petitioner must show "cause and prejudice" or that a "fundamental miscarriage of justice" will result if the court refuses to entertain the petition. *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998). If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights.

## C. Discussion

### **Procedural Bar**

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre*, 238 F.3d at 634. Independence requires that the state procedural rule be "independent of the merits of the federal claim." *Lott v. Hargett*, 80 F.3d 161, 164 (5th Cir. 1996). The procedural default is an adequate ground for denial of relief when the state supreme court applies the bar "strictly or regularly . . . to the vast majority of similar claims." *Sayre*, 238 F.3d at 634.

The claims presented by Carter in Grounds Three, Four, Five, Six and Seven of the instant petition were presented to the State's highest court in his PCR and were considered to be procedurally barred in accordance with Mississippi Statute Annotated § 99-39-21(1) due to the failure to raise them at trial or on direct appeal. The Fifth Circuit has recognized the statutorily crafted bar as an independent and adequate procedural requirement. *Wiley v. Puckett*, 969 F.2d 86, 102 (5th Cir. 1992). Therefore, since the State Court's ruling rests upon a state law ground which is both independent of the merits of the federal claims and adequate to support the judgment, the procedural bar applies. *Sawyer v. Collins*, 986 F.2d 1493, 1499 (5th Cir. 1992). Thus, this court may not consider the claims unless Petitioner can demonstrate cause and actual prejudice sufficient to excuse the default or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 1115 L. Ed. 2d 640 (1991).

The issue of "cause" ordinarily turns on whether the prisoner can show that some objective external factor impeded his defense such as, "active governmental interference or the reasonable

unavailability of the factual or legal basis for the claim." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008). "Prejudice" requires more than the mere possibility of prejudice but that errors "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 341 (citations omitted). The fundamental miscarriage of justice exception applies to cases in which the petitioner can show that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Id.* at 341-42 (citations omitted).

The Petitioner has not shown "cause" under the "cause and prejudice" test necessary for the court to reach the merits of this claim despite the procedural bar because no external impediment existed to prevent him from raising and discussing these claims as grounds for relief in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). Since the Petitioner has not shown "cause," the court need not consider whether the Petitioner suffered actual prejudice. *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996); *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). Likewise, Carter makes no meritorious claims that would permit him to take advantage of the miscarriage of justice. For these reasons, Grounds Three, Four, Five, Six and Seven are procedurally barred and the court may not review these claims.

**Standard for Meritorious Review**

The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948, 71 L. Ed. 2d 78 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n.21, 102 S. Ct. 1558, n.21, 71 L. Ed. 2d 783 (1982).

5

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Ground One: Prior Convictions

In Ground One, Carter argues that the trial court erred in allowing the introduction of his prior convictions. This issue was raised in Carter's direct appeal and again in a motion for post-conviction review. Each time the claim was found to be without merit.

During trial the State introduced evidence of Carter's prior convictions on the basis that they would show his "intent." There were six separate past convictions introduced all involving theft of some variety. The evidence was admitted under Mississippi Rules of Evidence 404(b) to show "intent" which was considered a pivotal issue during the trial. The trial court also noted that the past convictions were extremely probative of Carter's intent which outweighed any prejudicial effect.

The decision was upheld on appeal and the State Supreme Court found that the claim was procedurally barred under Miss. Code Ann. § 99-39-21(3) (res judicata applies to issues decided at trial and on direct appeal).

A reviewing federal court is limited to correcting errors of constitutional proportions. Generally, state evidentiary rulings do not support the grant of federal habeas relief. *Brown v. Bretke*, 419 F.3d 365, 376 (5th Cir. 2005) (unless the error renders the trial fundamentally unfair). A federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific constitutional right or renders the petitioner's trial "fundamentally unfair." *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997) (citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994) *cert. denied*, 513 U.S. 1163 (1995)) . State court evidentiary rulings typically do not provide the basis for a federal habeas claim unless the ruling is "so extreme that it constituted a denial of fundamental fairness under the due process clause." *Brown*, 419 F.3d at 376. A due process violation occurs when the controversial evidence "is [a] crucial, critical, highly significant factor in the context of the entire trial." *Johnson v. Puckett*, 176 F.3d 809, 821 (5th Cir. 1999). The test employed is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Guidroz v. Lynaugh*, 852 F.2d 832, 835 (5th Cir. 1988).

Here, Carter neither asserts nor demonstrates that the evidentiary ruling violated any specific constitutional right or rendered his trial fundamentally unfair. In absence of a constitutional violation, the court must defer to the rulings of the state courts regarding the admissibility of Carter's prior convictions. The introduction of the prior convictions is not subject to review by this court.

7

Grounds Two: Ineffective Assistance of Counsel

Carter's ineffective assistance of counsel claims are based upon the grounds the court has deemed to be barred from consideration. Also, Carter did not assert any specific deficient performance with his counsel's performance until he filed a traverse. In an abundance of caution, the court will address each issue Carter has raised in the traverse.[2]

When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687. The review is highly deferential towards the counselor's performance. There is a strong presumption that counsel exercised reasonable and professional judgment. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009). Conclusory allegations of ineffective assistance are insufficient to warrant habeas relief. *Collier v. Cockrell*, 300 F.3d 577, 687 (5th Cir. 2002).

---

[2] Obviously, the State did not have an opportunity to respond to these claims.

8

First, Carter claims that his attorney was ineffective for failing to object to the admissibility of the prior convictions. The record, however, belies his claim. The trial court heard, out of the jury's presence, the State's motion for introduction of the prior convictions. Trial counsel objected to and argued against the admission of Carter's criminal history. Carter's motion for a new trial also included a challenge to the admission of the prior convictions as a basis for relief. Counsel even included a claim based upon the prior convictions in Carter's direct appeal. Thus, contrary to Carter's current assertion, trial counsel did "object" to the use of the prior convictions. Trial counsel's performance in this regard was not deficient. Furthermore, consistent with the discussion *supra*, the admission of these convictions was not error. Therefore, Carter cannot demonstrate any resulting prejudice.

Carter next claims that trial counsel was ineffective for failing to contest the validity of his arrest. Again, the record refutes Carter's claim. Although Carter was found guilty of attempting to burglarize the Buckley home, he was actually taken into custody on an outstanding warrant for an unrelated charge. While the facts of the attempted burglary charge were being developed, Carter's arrest was appropriate because of the valid warrant. The arrest did not trample any right secured to Carter by the Fourth Amendment. *See Stone v. Powell*, 428 U.S. 465, 482, 96 S. Ct. 3037, 3046, 49 L. Ed. 2d 1067 (1976) ("where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. . ."); *Shisinday v. Quaterman*, 511 F.3d 514, 524-25 (5th Cir. 2007).

Carter also claims that his attorney was ineffective for failing to assert his right to a speedy trial. The right to a speedy trial is guaranteed by the Sixth Amendment and applies to state criminal

proceedings through the Fourteenth Amendment. *Goodrum v. Quarterman*, 547 F.3d 249, 257(5th Cir. 2008). A violation of the right to a speedy trial requires dismissal of the indictment. *Id.* (citing *Strunk v. United States*, 412 U.S. 434, 439-40, 93 S. Ct. 2260, 2263, 37 L. Ed. 2d 56 (1973)). When evaluating a speedy trial claim, the court should consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972). No one factor is necessary or sufficient to find a speedy trial violation. *Goodrum*, 547 F.3d at 257.

The length of the delay must be extensive enough to give rise to a presumption of prejudice which would trigger an examination of the remaining factors. *Id.* at 257-58 (noting that a delay of one year is sufficient to require a full analysis). In this case, there was a 608 day delay between the date of Carter's scheduled arraignment–which he waived–and the trial.[3] The reason for the delay, however, tempers any potential prejudice. The record reflects that there were five orders granting the defendant's motions for continuance. Delays attributable to the conduct of the defendant weigh in favor of the state under the *Barker* analysis. *Id.* at 258. There appears to be no point in the state court record where trial counsel asserted the right to a speedy trial. Indeed, such a course of action would have been inconsistent with the repeated motions for continuance. *Id.* at 260 (defendant persistently demanded his right to a speedy trial). Finally, the delay in this case which was predominately caused by Carter's motions, diffuses any argument demonstrating prejudice. *See West v. Howell*, 46 F.3d 67 (5th Cir. 1995) (finding no speedy trial violation where 13 month delay was

---

[3] The Respondents correctly note that Mississippi law requires a defendant be brought to trial within 270 days of arraignment. *See* Miss. Code Ann. § 99-17-1. Mississippi law further provides that any delay or request for time attributable to the defendant is not counted toward the 270 days. *See Scott v. State*, 8 So.3d 855, 863 (Miss. 2008).

partially attributable to defendant's motions and defendant waived his right by virtue of requesting a continuance). For these reasons, counsel was not ineffective for failing to assert a speedy trial claim.

Carter next asserts that counsel was ineffective for not challenging the sufficiency of the evidence. To review a sufficiency of the evidence claim, the court should consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

First, it should be noted that trial counsel did challenge the evidence when he made a motion for directed verdict at the close of the State's case. The motion, however, was denied. After Carter's conviction, trial counsel filed a motion for judgment notwithstanding the verdict which was also denied. Therefore, contrary to Carter's assertion, trial counsel did challenge the sufficiency of the evidence.

Here, Carter was convicted of attempted burglary of a dwelling in violation of Miss. Code Ann. § 97-17-23. The elements of the crime are (1) unlawful breaking and entering; and (2) with the intent to commit some crime when entry is attained. *Parker v. State*, 962 So.2d 25, 27 (Miss. 2007). An attempt includes "Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same." Miss. Code Ann. § 97-1-7.

There was ample testimony adduced during trial to support the guilty verdict. For example, the intended victim Mr. Buckley testified that Carter entered the backyard of the home through a gate that is rarely if ever left open. Rather than first approaching the front door, Carter went to the back

door of the home. Mr. Buckley testified that he never heard a knock. Instead, the sound of someone trying to unlock the backdoor drew his attention. Buckley stated that Carter was peering in the windows. Once Carter noticed someone in the home, Buckley described Carter as being startled and agitated. In addition, when an officer arrived Carter originally identified himself with a fictitious name. Carter also concocted a story about how he arrived at the Buckley home. Combining this information with Carter's prior convictions two of which were for burglary, any rational trier of fact could have found beyond a reasonable doubt that Carter was guilty of attempting to burglarize the Buckley home.

Accordingly, defense counsel was not deficient, foremost, because he did actually challenge the sufficiency of the evidence. Secondly, the guilty verdict was reasonable and rest upon sufficient facts. Carter's sufficiency claim has no merit.

Carter contends that his attorney was ineffective for failing to interview Deputy Johnson. In support thereof, he claims that Deputy Johnson had "knowledge of the . . . crime . . . and arrived at the . . . crime scene." He further claims that, if Deputy Johnson had been called as a witness he would have given testimony which contradicted that of the arresting officer. Despite these assertions, Carter never elaborates or provides any information regarding what knowledge Johnson possessed or how it would have contradicted other testimony. "Complaints of uncalled witnesses are not favored in federal habeas review because allegations of what a witness would have testified are largely speculative." *Evans v. Cockerell*, 285 F.3d 370, 377 (5th Cir. 2002). Particularly here, where Carter's allegations are simply conclusory. Such allegations of ineffective assistance are insufficient to warrant habeas relief. *Collier v. Cockrell*, 300 F.3d 577, 687 (5th Cir. 2002).

Carter further argues that his attorney should have objected to or challenged the defective

indictment. Specifically, Carter suggests that the crimes of attempt and burglary should have been charged separately. He summarily concludes that if the offenses were charged separately the result of the trial would have been different.

An indictment is sufficient if it (1) contains the elements of the offense charged; (2) fairly informs a defendant of the charge against him; and (3) enables him to plead acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Hagmann*, 950 F.2d 175 (5th Cir. 1991). The validity of an indictment depends on "whether it conforms to minimal constitutional standards." *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984). A defective indictment is not a matter appropriate for federal habeas relief unless it can be shown that the indictment was "so fatally defective that under no circumstances could a valid conviction result from the facts provable under the indictment." *Johnson v. Puckett*, 930 F.2d 445, 447 (5th Cir. 1991). A defective indictment does not deprive a court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

> Carter's indictment included the following charge:
> . . . on or about the 7th day of January, 2003, in the County and State aforesaid, did unlawfully, willfully, feloniously, and burglariously attempt to break and enter the dwelling house of Paul Buckley, with the intent to unlawfully, willfully, feloniously, and burglariously take, steal, and carry away the property that was then inside, and in furtherance thereof, did the following overt acts:
>
>   1. By going to the residence of Paul Buckley;
>   2. by attempting to open the back door of the said residence,
>
> but was intercepted and failed therein;
>
> in violation of MCA § 97-17-23.

The indictment language plainly includes the elements of burglary. While it does not recite the elements of general attempt, there is no State or Federal law requiring such language. To the

contrary, State law requires only that the indictment set out an intent to commit an offense and specific conduct constituting an overt act towards the commission of the attempted crime. *See Short v. State*, 990 So.2d 818, (Miss. App. 2008) (indictment fatally defective for failing to set forth any overt act). Carter's indictment clearly complied with Mississippi Law and thus left no basis for a challenge. The indictment also is sufficient to withstand constitutional scrutiny. Accordingly, defense counsel did not render ineffective assistance by failing to challenge the validity of the indictment.

Finally, Carter claims that his attorney failed to object to jury instruction S-2 which resulted in an amendment to the indictment. The subject jury instruction essentially mimics the language of the indictment nearly word for word. In light of the foregoing discussion, the court concludes that the jury instruction was an accurate and correct statement of the law. The instruction did not result in a constructive amendment to the indictment. Furthermore and contrary to Carter's claim, defense counsel did object to the instruction, to no avail. And, defense counsel was allowed to submit a similar instruction which included the lesser offense of trespassing. Counsel was, therefore, not ineffective with regard to jury instruction S-2.

## D. Conclusion

The Grounds asserted by the Petitioner, neither singularly nor collectively, rise to a level worthy of habeas relief. From a review of the record, it appears that the Petitioner with the assistance of capable counsel was afforded a fair trial and direct appeal. The state court's denial of Carter's claims was reasonable. Therefore, the Petitioner's claims have no merit and the petition shall be denied in all respects.

A final judgement shall issue in accordance with this opinion.

This the  23rd  day of February, 2010.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**